IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES MURRY,

                                        OPINION AND ORDER

          Petitioner,

                                            21-cv-441-bbc

   v.

KALVIN BARRETT, Sheriff,
Dane County Jail,[1]

          Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner James Murry is in custody in the Dane County jail in Madison, Wisconsin and has recently filed a document which I construe to be a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner alleges that he was denied the effective assistance of counsel in connection with his probation revocation proceedings. He has paid the five dollar filing fee, making the petition ripe for screening under Rule 4 of the Rules Governing Section 2254 Cases.

Before seeking a writ of habeas corpus in federal court, a petitioner must first exhaust any remedies that are available to him in state court. 28 U.S.C. § 2254(b)(1)(A). In order to satisfy this exhaustion requirement, a Wisconsin prisoner seeking to challenge an

---

[1] Although the petition lists the Dane County Circuit Court Judge, an individual named Brian Hayes, and an Administrative Law Judge as respondents, I have substituted the official having custody over petitioner, Dane County Sheriff Kalvin Barrett, as the proper respondent under Rule 2(a) of the Rules Governing Section 2254 Cases.

1

administrative decision revoking his probation must first present his claims to the state courts by commencing an action for writ of certiorari in the court of conviction. Kalk v. Smith, No. 06-C-0458, 2007 WL 188995, *1 (E.D. Wis. Jan. 22, 2007); State ex rel. Johnson v. Cady, 50 Wis. 2d 540, 550, 185 N.W.2d 306, 311 (1971). If the certiorari petition is unsuccessful, then the petitioner must appeal the circuit court's decision to the Wisconsin Court of Appeals, and, if unsuccessful there, must seek review by the Wisconsin Supreme Court. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999); Moore v. Casperson, 345 F.3d 474, 485–86 (7th Cir. 2003); Griffin v. Hafemann, No. 15-C-140, 2015 WL 566593 (E.D. Wis. Feb. 9, 2015).

Petitioner alleges that he attempted to present his constitutional challenge to his probation revocation to the state circuit court by filing a petition for a writ of certiorari. So far as it appears, the circuit court rejected the petition because petitioner had merely filed it as a pleading in his underlying criminal case, without complying with Wisconsin's rules for commencing certiorari actions. See 6/21/21 Letter to Pet. from Judge Reynolds, dkt. #1-1. Specifically, the court advised petitioner that a certiorari petition challenging the Department of Hearings and Appeals' revocation of his probation "would have been a new civil action, with new parties, new issues, and a strict set of rules." Id.; see also Wis. Stat. §§ 893.735 (action seeking a remedy available by certiorari must be filed within 45 days after the action accrues); 801.02(5) (specifying that action for certiorari proceeds like a civil action).

In his § 2254 petition, petitioner asserts that he seeks to "challenge" the circuit court's order rejecting his petition. Dkt. #1. However, this court is not the proper court to hear such a challenge. Federal courts are authorized to review whether a petitioner is in custody in violation of his constitutional rights, but they generally defer to a state court's application of its own state's rules, especially when the petitioner has not exhausted the remedies available to him in the state courts before filing in federal court. See Lambrix v. Singletary, 520 U.S. 518, 525 (1997) ("A State's procedural rules are of vital importance to the orderly administration of its criminal courts; when a federal court permits them to be readily evaded, it undermines the criminal justice system."); Coleman v. Thompson, 501 U.S. 722, 731 (1991) ("[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights."). Here, the Wisconsin Court of Appeals is well-suited to address petitioner's concerns about his certiorari petition, but it appears that petitioner has not filed any appeal from the circuit court's order. See Wis. Stat. §§ 808.03(1) (party may appeal final judgment or order of a circuit court as a matter of right to the court of appeals); 808.04 (specifying time limits for appeals). (Alternatively, petitioner could attempt to file a new certiorari petition that complies with Wisconsin's rules, although it may now be too late for him to do so.)

As noted above, petitioner must exhaust his state court appellate remedies before this court will entertain his petition. Because it is plain from the petition that he has not done so, his petition is premature and will be dismissed without prejudice.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

ORDER

IT IS ORDERED that

1. The petition for a writ of habeas corpus filed by James Murry, dkt. #1, is DISMISSED without prejudice for petitioner's failure to exhaust his state court remedies. The clerk of court is directed to enter judgment for respondent and close this case.

2. Petitioner is DENIED a certificate of appealability. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 23d day of August, 2021.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge